433 F.2d 955
 Olen E. BICKERS, Jr., Plaintiff-Appellant,
v.
Gail CRANFORD, Andrew M. Scherffius, et al., Defendants-Appellees.
 No. 30053 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 October 26, 1970.
 
 G. Seals Aiken, John L. Respess, Jr., Atlanta, Ga., for plaintiff-appellant.
 C. James Jessee, Jr., C. B. Rogers, M. David Merritt, Shoob, McLain & Jessee, Atlanta, Ga., for defendants-appellees.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal arises out of an automobile accident on the outskirts of Athens, Georgia, on May 10, 1968, when an automobile driven and owned by the defendants collided with an automobile in which the plaintiff was riding. After the trial the jury returned a verdict in plaintiff's favor in the amount of $8,000.
 
 
 2
 The Plaintiff appeals from this verdict, raising some thirty points of error about the trial and complaining that the verdict is so inadequate as to justify an inference of gross error on the part of the jury. We have examined the plaintiff's points of error, which pertain for the most part to various allegedly erroneous jury charges by the trial judge, and other charges which the trial judge refused to give. We find no error in any of the trial judge's rulings.
 
 
 3
 With respect to the plaintiff's point of error based on the gross inadequacy of the $8,000 verdict, we have studied the record thoroughly to determine whether there was substantial evidence to support the rather low verdict. We discover that the actual damages claimed by the plaintiff were in the amount of $1,445.25, which means that the jury allowed approximately $6,500 for pain and suffering. The record reveals many possible evidentiary reasons why the verdict was not higher. For example, the plaintiff claimed that his ability to concentrate on his studies was impaired by the accident, but the defendants brought out on cross-examination that the plaintiff's academic record before the accident had been quite poor, and that it had in fact improved after the accident. Additionally, it appeared that although the plaintiff was wearing a back brace at the time of the trial, he had only acquired it two months prior to the trial, having gone for approximately a year after the accident without a brace. Moreover, there was conflicting medical testimony. The plaintiff's medical witness testified that the plaintiff had suffered an overall fifty percent permanent disability, while the defendant's medical witness testified that upon examination of the plaintiff he had found no objective evidence of residual injury.
 
 
 4
 On a record filled with so many credibility decisions, we certainly cannot say that the jury made a gross error of judgment. We must remember that the jury had the plaintiff before it during the entire trial and thus had first hand knowledge on which to base its evaluation of all the conflicting evidence.
 
 
 5
 We affirm.
 
 
 
 Notes:
 
 
 *
 Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I